UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRANT CHASZAR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-02111-TWP-MPB |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, Brant Chaszar's motion for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual Background

On July 7, 2015, a grand jury returned a three-count indictment against Mr. Chaszar. *United States v. Chaszar*, No. 1:15-cr-00121-TWP-DML-1 (hereinafter, "Crim. Dkt."), dkt. 12. Mr. Chaszar was charged with one count of possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 1); one count of carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count 2); and one count of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count 3). On July 8, 2015, an information was filed under 21 U.S.C. § 851(a)(1) alleging that Mr. Chaszar had a prior felony conviction under Indiana state law for dealing in cocaine or a narcotic drug. Crim. Dkt. 20.

On April 4, 2017, Mr. Chaszar filed a petition to enter plea of guilty and plea agreement ("plea agreement"). Crim. Dkt. 35. In the plea agreement, Mr. Chaszar agreed to plead guilty to Count 1: carrying a firearm during and in relation to a drug trafficking crime, and, Count 2: unlawful possession of a firearm by a convicted felon in violation, in exchange for the dismissal of Count 3. *Id.* ¶¶ 1, 19.

In the plea agreement, Mr. Chaszar recognized that the maximum sentence for Count 1 was thirty years' imprisonment and the potential sentence for Count 2 was a consecutive sentence of not less than five years' imprisonment and not more than life imprisonment. *Id.* at ¶ 2. He acknowledged and agreed that the Court would use its discretion to determine a sentence within the statutory range and that he could not withdraw his guilty plea if the Court imposed a sentence higher or lower than either party's recommendation or outside the range recommended by the Sentencing Guidelines. *Id.* at ¶¶ 4, 5.

Mr. Chaszar stipulated to facts establishing that he possessed heroin and heroin mixed with fentanyl with the intent to sell. He also stipulated to facts showing he possessed marijuana, a loaded .40 caliber Ruger semiautomatic handgun, and ammunition. As part of the plea agreement, he admitted that he always carried a handgun when he was selling drugs, that he was convicted in August 2008 of dealing in cocaine or a narcotic drug in Marion County, and that he was convicted in February 2003 of dealing in cocaine or a narcotic drug in Hamilton County. *Id.* at ¶ 16.

With respect to the Sentencing Guidelines computation, Mr. Chaszar agreed that his prior convictions were felonies and that he was a career offender under the relevant portions of the Sentencing Guidelines. He acknowledged that his unadjusted base offense level for Count 1 was 34. *Id.* at ¶ 20.

Finally, Mr. Chaszar acknowledged that his attorney advised him as to the accusations against him and the potential defenses available to him, that no person "made any promise or suggestion of any kind" that he would receive a lighter sentence if he pled guilty, and that he was "fully satisfied with [his] attorney's representation during all phases" of the case. He further stated that he was pleading guilty because he was guilty of the crimes. *Id.* at ¶ 26.

The Court conducted a change of plea and sentencing hearing on July 13, 2017. Crim. Dkt. 52. At the hearing, Mr. Chaszar agreed he had sufficient time to discuss the case against him with his attorney, including potential defenses, and that he was satisfied with counsel's representations. Dkt. 13-1 at 6-7. He affirmed that he understood the penalties possible for both Count 1 and Count 2 and the Court's discretion in determining a sentence. *Id.* at 5, 10-13.

After the Court read the factual basis contained in the plea agreement, Mr. Chaszar re-affirmed its truth and declined the opportunity to change it. *Id.* at 17-20. The Court accepted Mr. Chaszar's guilty plea and found it to be knowing and voluntary. *Id.* at 25-26.

### III. Discussion

In his § 2255 motion, Mr. Chaszar alleges that he received ineffective assistance of counsel for several reasons. He contends that counsel failed to investigate potential defenses, failed to file a motion to suppress, and failed to review discovery and records. Dkt. 1 at 4, 6; dkt. 2 at 4-6, 19. He also alleges that counsel provided ineffective assistance by advising that Mr. Chaszar would receive "no more than 10 years," dkt. 1 at 5; dkt. 2 at 4, 6-7, 19, and by failing to argue that Mr. Chaszar's prior felony convictions were not sufficient to qualify him as a career offender under Sentencing Guidelines § 4B1.1,[1] dkt. 2 at 13-17.

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011). If a petitioner cannot establish one of the *Strickland* prongs, the Court need not consider the other. *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of the *Strickland* test, a petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether, in light of all the circumstances, counsel's performance was outside the wide range of professionally competent assistance. *Id.* To satisfy the prejudice component, a petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

### A. Counsel's Failure to Investigate, File a Motion to Suppress, and Review Records

---

[1] Mr. Chaszar references *Lynch v. Dimaya*, 137 S.Ct. 31 (2016), in his § 2255 motion. Dkt. 1 at 8. The Court interprets this argument as related to Mr. Chaszar's argument under *United States v. Mathis*, 136 S.Ct. 2243 (2016).

Mr. Chaszar first alleges that counsel's representation was constitutionally ineffective because counsel allegedly failed to investigate potential defenses, failed to file a motion to suppress, and failed to review discovery and records. Dkt. 1 at 4, 6; dkt. 2 at 4-6, 19.

"When a defendant enters an unconditional guilty plea, he waives all nonjurisdictional defects arising before his plea . . . ." *United States v. Combs*, 657 F.3d 565, 568 (7th Cir. 2011); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). He can, however, challenge the voluntary and knowing character of his guilty plea. *Hurlow v. United States*, 726 F.3d 958, 966 (7th Cir. 2013).

Here, the record indicates that Mr. Chaszar's guilty plea was voluntary and knowing. At the change of plea sentencing hearing, Mr. Chaszar not only affirmed that the factual basis stated in the plea agreement and read by the Court was true, he also told the Court that he understood the potential sentences for Count 1 and Count 2 and that he was pleading guilty of his own free will. Dkt. 13-1 at 7-8, 17-20. Mr. Chaszar stated that he understood the plea agreement, that no one threatened him to induce him to plead guilty, and that no one had made any promises to him to persuade him to plead guilty. *Id.* at 7-8. His statements at the change of plea and sentencing hearing "are presumed truthful." *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000); *Hurlow*, 726 F.3d at 968 ("[R]epresentations made to a court during a plea colloquy are presumed to be true." (citation and internal quotation marks omitted)).

Mr. Chaszar has not shown that his plea was involuntary or unknowing. Consequently, he has waived his ineffective assistance of counsel claims related to events that occurred before entry of his guilty plea. He is not entitled to habeas relief on these claims.

**B. Counsel's Statements Regarding Mr. Chaszar's Sentence**

Mr. Chaszar next contends that counsel provided ineffective assistance by advising him that, if he pleaded guilty, his term of imprisonment would be no more than ten years. Dkt. 1 at 5; dkt. 2 at 4, 6-7, 19. He claims he accepted the plea because he thought he would receive a ten-year term of imprisonment.[2] Dkt. 2 at 7, 9.

"[A]n inaccurate sentencing prediction alone is not deficient performance." *Thomas v. United States*, 606 F. App'x 840, 842-43 (7th Cir. 2015) (citing *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2002), and *United States v. Barnes*, 83 F.3d 934, 940 (7th Cir. 1996)); *see also United States v. Fuller*, 312 F.3d 287, 293 (7th Cir. 2002) ("An attorney's inaccurate prediction of his client's sentence does not constitute ineffective assistance of counsel."). Mr. Chaszar has not established that counsel's performance was deficient.

Even if Mr. Chaszar could establish deficient performance, however, he cannot establish prejudice. In the plea agreement, Mr. Chaszar acknowledged that the statutory maximum sentence for Count 1 was thirty years' imprisonment and that he was subject to a consecutive sentence of not less than five years' imprisonment on Count 2. Crim. Dkt. 35 at ¶ 2. At the change of plea and sentencing hearing, Mr. Chaszar again affirmed his understanding of these possible sentences. Dkt. 13-1 at 5. Additionally, in both the plea agreement and at the hearing, he agreed that the Court would use its discretion to determine a sentence. Crim. Dkt. 35 at ¶ 4; Dkt. 13-1 at 12-13. Given Mr. Chaszar's repeated assertions that he understood the potential sentences that could be imposed and his affirmation that no one had made any promises to persuade him to plead guilty, dkt. 13-1 at 8, "[t]here is absolutely no reasons, beyond [his] contention, to think that he would not have

---

[2] To the extent Mr. Chaszar's argument can be read to assert that his plea was not knowing and voluntary as a result of counsel's alleged inaccurate prediction, such a claim fails for the reasons set forth in Part II.A.

6

pleaded guilty even if [the Court] accept[s] his contention that he did not fully understand the sentencing consequences of his plea." *Morales v. Boatwright*, 580 F.3d 653, 663 (7th Cir. 2009); *see also Thomas*, 606 F. App'x at 843 (finding that petitioner failed to establish prejudice on claim that counsel inaccurately predicted the petitioner's sentence in part because the petitioner understood the statutory maximum sentence he could receive). Mr. Chaszar cannot receive habeas relief on this allegation of ineffective assistance of counsel.

**C. Counsel's Failure to Challenge Career Offender Classification**

Finally, Mr. Chaszar claims that counsel's performance fell below constitutional standards because counsel did not argue that Mr. Chaszar's prior felony convictions were not sufficient to qualify him as a career offender under Sentencing Guidelines § 4B1.1. Dkt. 2 at 13-17. This claim fails because Mr. Chaszar cannot show that counsel's performance was deficient.

"Because a defendant's lawyer has an obligation to be truthful and forthright with the court, he has no duty to make a frivolous argument, and indeed is barred by the rules of professional ethics from doing so." *Fuller*, 398 F.3d at 652. Here, any argument that Mr. Chaszar's prior felony convictions for dealing cocaine or another narcotic drug did not qualify as a "controlled substance offense" under Sentencing Guidelines § 4B1.2(b) would have been futile.

In *Mathis*, the Supreme Court held that a statute is divisible, and thus subject to the modified categorical approach, only if it creates multiple offenses by setting forth alternative elements, not alternative means. *Mathis*, 136 S. Ct. at 2253-54. At the time Mr. Chaszar was sentenced, the Seventh Circuit had considered the statute underlying his prior convictions, Indiana Code § 35-48-4-1, and concluded that it was divisible. *Lopez v. Lynch*, 810 F.3d 484, 489-90 (7th Cir. 2016). Thus, under *Mathis*, the Court would have been able to look at the charging documents

for his 2003 and 2008 felony convictions to determine if they qualified as controlled substance offenses under Sentencing Guidelines § 4B1.2(b).

Court records indicate Mr. Chaszar was convicted of dealing cocaine in both 2003 and 2008. Dkt. 13-2 at 1, 3 (court record for case number 29C01-0206-FA-000032); dkt. 13-3 at 1, 5-6 (court record for case number 49G21-0709-FA-202265). Dealing cocaine falls within the definition of "controlled substance offense" in the 2016 version of the Sentencing Guidelines. *See* U.S.S.G. § 4B1.2(a) (2016) (defining "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, *distribution*, or dispensing of a controlled substance . . . ." (emphasis added)). An argument that Mr. Chaszar did not qualify as a career offender under the Sentencing Guidelines in light of *Mathis* would have been futile, and Mr. Chaszar's counsel was not deficient in failing to raise such an argument. Mr. Chaszar is not entitled to habeas relief on this basis.

## IV. Conclusion

For the reasons explained in this Entry, Mr. Chaszar is not entitled to relief on his § 2255 motion. There was no ineffective assistance of counsel. Accordingly, his motion for relief pursuant to § 2255 is **DENIED**, and this action is dismissed with prejudice.

Judgment consistent with this Entry shall now issue and the **clerk shall docket a copy of this Entry in Case No. 1:15-cr-00121-TWP-DML-1**. The motion to vacate (Crim. Dkt. 59) shall also be **terminated** in the underlying criminal action.

## V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition. Rather, he must first request a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014).

8

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Chaszar has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

    **IT IS SO ORDERED.**

Date: 9/27/2019

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BRANT CHASZAR
12747-028
ELKTON - FCI
ELKTON FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 10
LISBON, OH 44432

Barry D. Glickman
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
barry.glickman@usdoj.gov